IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TUJUANA PERKINS, ) | |
| ) | Case No. 1:14-cv-06457 |
| Plaintiff, ) | |
| ) | Hon. Robert W. Gettleman |
| v ) | |
| ) | Magistrate Judge Mary M. Rowland |
| NCR CORPORATION and ) | |
| JPMORGAN CHASE BANK, NA, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendants, by and through their undersigned counsel, and pursuant to *Fed. R. Civ. P.* 56 and this Court's April 12, 2017 order (ECF Doc. 87), hereby object to plaintiff's motion to extend the time for discovery before responding to defendants' *Motion for Summary Judgment* (ECF Doc. 64), as follows:

1. Plaintiff's motion fails to cite, address or otherwise meet the applicable requirements of *Fed. R. Civ. P*. Rule 56 (d) by seeking unspecified extra time to conduct wholly unspecified discovery. Rule 56 (d) only provides the Court with discretion to allow such extra time "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Fed. R Civ. P.* 56 (d); *see also Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014). The rule thus places the burden on the non-movant plaintiff. *Id*. When the non-movant fails to show how the requested discovery would identify material facts needed to oppose summary judgment, the Court acts properly in exercising its discretion to deny the additional discovery before ruling on the summary judgment motion. *Id*.; *see also Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23 (1st Cir. 2013) ("[t]o make use of Rule 56(d), a party "must

1

demonstrate good cause for failure to have conducted the discovery earlier."); *Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) ("When a district court refuses to grant a motion for a continuance, we have found abuse of discretion only "'if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment.'"). Here, plaintiff neither identifies any discovery, let alone how such discovery would identify material facts needed to oppose the defendants' motion for summary judgment, or how over the course of almost *two years* of no activity it could be said such discovery was diligently pursued.[1] The vague assertions plaintiff does make in asking for "time" to conduct "discovery", insufficient in their own right, are also precisely what the Court previously took care to advise plaintiff and her counsel on numerous occasions, at prior conferences, would not be considered sufficient. (See, ECF Docs. 84, 85 and 87).

2. Indeed, as defendants have already addressed in objecting to one of plaintiff's numerous prior requests for extra time (ECF Doc. 73), the motion for summary judgment relates to the plaintiff's lack of disclosing any of its *own* expert evidence (how her alleged injury is causally connected to alleged incident, what standards are applicable to the alleged device, the relevant state-of-the-art or what applicable standard of care applies), and has essentially nothing

---

[1] That plaintiff proceeded *pro se* for a time in this case is of no moment and is not itself good cause. *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are pro se must follow court rules and directives.") citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (internal citations omitted) ("Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."); s*ee also, Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules."); *cf. DiCesare v. Stuart*, 12 F.3d 973, 979 (1993) ("Pro se litigants are subject to the same rules of procedure that govern other litigants."); *McNeil v. United States*, 508 U.S. 106, 112-13 (1993)("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.")(internal citations omitted).

to do with anything they might have asked of from defendants. Of course, plaintiff, in failing to address Rule 56 (d), does not identify any specific discovery or how that discovery would require a different ruling on the motion for summary judgment. *Sterk,* 770 F.3d at 628. When the non-movant's request for additional discovery, as plaintiff's request necessarily does here, is "based on nothing more than mere speculation" it presents "an entirely improper basis for reversing a district court's decision to deny a Rule 56(f) [now 56 (d)] motion." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005).

3. Not only does plaintiff's motion fail to address or satisfy the relevant rule, but it was itself filed a week late. To properly invoke Rule 56 (d), plaintiff should have made her showing before the deadline (already significantly extended) to respond to the *Motion for Summary Judgment*. Plaintiff's response to defendants' summary judgment motion was due on June 9, 2017. (ECF Doc. 87). Plaintiff filed no response and the motion to extend discovery was not filed until June 19, 2017 (ECF Doc. 90) (a notice of motion was filed on June 16, 2017). Plaintiff's *original* deadline to respond was July 11, **2016.** (ECF Doc. 63). This was generously extended by this Court until September 12, **2016** (ECF Doc. 70). It was extended again, this time over defendants' objection (ECF Doc. 73) – given the excessive time that had already passed and numerous extensions provided before the filing of the summary judgment motion – to October 28, 2016, with the Court stating in its order that "[t]his is the final extension." (ECF Doc. 75).

4. Further still, plaintiff's late and improper request comes **a**f*ter* this Court previously and generously gave plaintiff well over a *year* of extensions after her prior counsel withdrew (ECF Doc. 53) and **nine** (9) more months to conduct discovery relevant to the matter (extending discovery until June 7, **2016** when it had originally closed on September 10, **2015**)

3

(ECF Docs. 59, 23). The subject motion for summary judgment has now also been pending for over a *year*, during which time plaintiff was repeatedly advised of the status of the case and the implications of her doing nothing. But, nothing substantive was done.

  5.  Finally, this motion also comes *after* the Court gave plaintiff's eventual new counsel multiple extensions to address, with specificity, what was purportedly needed to respond to the summary judgment motion:

- The February 23, 2017 conference was continued at request of counsel to March 22, 2017 (ECF Doc. 84). This February 23, 2017 conference was itself a *third* continuation of hearings previously held on January 12, 2017 (ECF Doc. 81), January 26, 2017 (ECF Doc. 82) and February 7, 2017 (ECF Doc. 83). All of these prior conferences resulted in continuances granted at the request of plaintiff.

- The March 22, 2017 conference was again continued at request of counsel to April 12, 2017 at which time counsel was instructed by the Court to advise with specificity what was purportedly needed to respond to the summary judgment motion. (ECF Doc. 85).

- At the April 12, 2017 conference, counsel was unable to address with specificity what was purportedly needed to respond to the summary judgment motion. As a result, the Court ordered plaintiff to file a response to the summary judgment motion by June 9, 2017, defendant's reply by June 30, 2017 and continued a status hearing to August 30, 2017. (ECF Doc. 87). The Court also requested defendants to provide plaintiff's counsel with certain photos of the alleged subject machine, the exemplar machine plaintiff's prior counsel inspected and the plaintiff's finger immediately after the alleged incident. Defendants complied with this request *via* letter to plaintiff's counsel dated April 25, 2017, which enclosed the referenced photos and invited counsel to discuss resolving the matter following her review of same (no response was received).

Again, nothing has been done except to now ask for still more time, still based on vague requests to conduct unspecified discovery in contradiction to this Court's prior directives. The Court has already ordered that there would be no more extensions (ECF Doc. 75) and there is nothing in this latest filing to justify granting one.

4

6. Accordingly, for the foregoing reasons, defendants respectfully request the Court deny plaintiff's repetitive, vague and unsupported request for additional time to conduct discovery and thereafter grant defendants' *Motion for Summary Judgment*.

Dated: June 29, 2017

Respectfully submitted,

  /s/ Donald E. Frechette_____
P. Russell Perdew (6270420)
Matthew J. Kalas (6280312)
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606
312-443-0700

Donald E. Frechette (pro hac vice)
Tara L Trifon (pro hac vice)
LOCKE LORD LLP
20 Church Street, 20th Floor
Hartford, CT 06103
(860) 525-5065

Attorneys for Defendant NCR Corporation
and JPMorgan Chase Bank, N.A.

5

**Certificate of Service**

The undersigned, an attorney, hereby certifies that on June 29, 2017, a copy of the foregoing was filed with the Clerk of the Court for the United States District Court, Northern District of Illinois using the CM/ECF system.

Dated: June 29, 2017                              Respectfully submitted,

                                                   /s/ Donald E. Frechette_____