OIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TUJUANA PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 6457 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| NCR CORPORATION and JPMORGAN CHASE BANK, N.A. | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Tujuana Perkins sued defendants NCR Corporation ("NCR") and JPMorgan Chase Bank, N.A. ("Chase"), in the Circuit Court of Cook County, Illinois, seeking to recover for personal injuries she allegedly sustained while using an automatic teller machine ("ATM") manufactured by NCR and located at a Chase Bank at 6245 Western Avenue in Chicago, Illinois. Defendants removed the case to this court and discovery proceeded. Plaintiff was originally represented by counsel, but on January 14, 2016, the court allowed her lawyers to withdraw after it became apparent that they had irreconcilable differences with plaintiff. The court extended the close of discovery to June 7, 2016, so plaintiff could continue settlement discussions with defendant and/or retain new counsel.

On June 7, 2016, the parties indicated that settlement negotiations had broken down and defendants intended to move for summary judgment. The court ordered the motion to be filed by June 10, with plaintiff's response due on July 11, 2016. The court set the case for a status report on July 19, 2016. Defendants filed their motion as ordered. In the motion, defendants argued that plaintiff cannot succeed on her claims without an expert opinion. Before the date for a report on status, on July 5 the court granted plaintiff a two month extension until September 12,

2016, to respond and then granted her another extension until October 28, 2016, with defendants' reply due November 14, 2016. Plaintiff eventually filed her pro se response on November 1, 2016, and defendants replied on November 9, 2016. The court set a ruling date of January 26, 2017.

      Before ruling, the court held a settlement conference. Because plaintiff had indicated that she had met with an attorney interested in representing her, the court continued the case for a further settlement conference on March 22, 2017. An attorney appeared with plaintiff at that time, and the court told plaintiff and her attorney that if the case did not settle the court would consider re-opening discovery if plaintiff could submit a viable discovery plan that included identification of an expert witness to support her claims. No such plan was ever submitted. On April 12, 2017, after the parties again reported that the case would not settle, the court granted plaintiff leave to file an additional counseled response to defendants' motion for summary judgment. The court thereafter granted three more extension until August 18, 2017, to respond. On August 24, 2017, after nothing had been filed by plaintiff or her counsel, the court told the parties it would rule on defendants' motion for summary judgment based on the papers filed previously. For the reasons stated below, defendants' motion (Doc. 64) is granted.

      Plaintiff claims that she was injured when her hand was caught by the closing door of the cash presentation mechanism on an ATM machine. She claims the incident resulted in serious injuries including Complex Regional Pain Syndrom ("CRPS"). The complaint asserts claims for strict liability in tort, alleging that the ATM was designed, manufactured, and sold in an unreasonably dangerous manner (Count I), and negligently designed and/or operated (Counts II through IV).

2

Defendants, in their motion for summary judgment, argue that plaintiff has no evidence to support her claims. In particular, defendants argue that proof of each of plaintiff's claims requires expert testimony, that plaintiff has failed to identify any expert, and is now prohibited from doing so.

Defendants are correct that expert testimony is required to establish that the ATM in question was designed and/or manufactured in an unreasonably dangerous or negligent manner. Show v. Ford Motor Co., 659 F.3d 584, 585 (7th Cir. 2011). In Illinois, products liability cases alleging design defects can be established in two ways. First, under the "consumer-expectation test," the plaintiff may provide "evidence that the product failed to perform as safely as an ordinary consumer would expert when used in an intended or reasonably foreseeable manner." Id. Second, the plaintiff may introduce evidence that the product's design proximately caused the injury. To defeat the plaintiff's claim, the defendant must then prove "that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs. Id. Either method requires expert evidence, and the absence of expert evidence is fatal to the plaintiff's claims. Id. Consequently, because plaintiff has identified no expert, and is barred from doing so, because discovery closed on June 7, 2016, she cannot establish her claims.

Moreover, even if plaintiff could establish liability without expert evidence (which she cannot), she cannot establish her claim for damages. She claims that as a result of the incident she has CRPS, an uncommon and unclearly understood form of chronic pain. See *Mayo Clinic Staff, Complex Regional Pain Syndrom*, http://www.mayoclinic.org/diseases-conditions/complex-regional-pain-syndrom/basics/definition/con-20022844. Thus, even if plaintiff could establish that she has CRPS, she needs expert evidence to connect the CRPS

3

diagnosis to defendants' alleged breach of the applicable standard of care. Plaintiff has no proof that her alleged ailments were caused by the alleged incident. Consequently, defendants' motion for summary judgment is granted.

## **CONCLUSION**

For the reasons described above, defendants' motion for summary judgment (Doc. 64) is granted.


**ENTER:** August 30, 2017

_____
**Robert W. Gettleman
United States District Judge**

4